UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:10-CR-136-T-30EAJ

MICHELLE DUVAL

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, Michelle Duval, and the attorney for the defendant, Assistant Federal Public Defender Howard Anderson, mutually agree as follows:

A.   **Particularized Terms**

   1.   Counts Pleading To

   The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

   2.   Minimum and Maximum Penalties

   Count One is punishable by a mandatory minimum term of imprisonment of fifteen (15) years up to life imprisonment, a fine of $250,000.00, a term of supervised release of five (5) years, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect

Defendant's Initials _MD_   AF Approval _✓_

to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3.  Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> First: That the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce, as charged; and
>
> Second: That before she possessed the firearm the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

4.  Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two, Three, and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.  No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials      2

6. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees

Defendant's Initials M O.        3

that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: one gold Lorcin, model L380, .380 caliber pistol with the serial number LE1084 and one Cobra, model CB 38 CAL, .38 caliber pistol with a serial number of CT021346. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offenses to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be

Defendant's Initials M.O.    4

final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.

Defendant's Initials M.D.    5

This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

9. Abandonment of Property - Firearms and Ammunition

The United States of America and defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the crime to which he/she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he/she has in the firearms and ammunition to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or other appropriate agency, to cause the firearms and/or ammunition described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant in this case hereby states under penalty of perjury that she hereby voluntarily abandons all right and claim to one gold Lorcin, model L380, .380 caliber pistol with the serial number LE1084 and one Cobra, model CB 38 CAL, .38 caliber pistol with a serial number of CT021346.

Defendant's Initials _MO_  6

B. **Standard Terms and Conditions**

   1. Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

   2. Supervised Release

   The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

   3. Sentencing Information

   The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the

Defendant's Initials M.O.         7

count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the

Defendant's Initials  M O .       8

government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal,

Defendant's Initials M.O.    9

state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _MO_    10

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

## FACTS

The defendant, Michelle Duval, is a U.S. citizen born in 1971 in Florida. She has numerous felony convictions including Possession of Marijuana with Intent to Sell, Case No. 90-75-F, on or about March 14, 1991, in the Circuit Court, Twelfth Judicial Circuit, in and for Manatee County, Florida; Sale of Rock Cocaine, Case No. 92-2474F, on or about December 21, 1992, in the Circuit Court, Twelfth Judicial Circuit, in and for Manatee County, Florida; Sale of Cocaine, Case No. 95-11098CFANO-D, on or about April 1, 1996, in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida; and Robbery, Case No. 95-02421CFANO-D, on or about August 5, 1997, in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida.

On December 18, 2009, a Florida State search warrant was executed by Manatee County Sheriff's Office deputies on the defendant's residence at 2211 7th

Defendant's Initials M.D.                11

Street West, Palmetto, Manatee County, Middle District of Florida (MDFL), involving an investigation of possession of stolen items. Detectives observed drugs in plain sight and obtained another search warrant for drugs. Detectives found two firearms, a gold Lorcin, model L380, .380 caliber pistol with the serial number LE1084 and one Cobra, model CB 38 CAL, .38 caliber pistol with a serial number of CT021346, over 114 grams of marijuana, .3 grams of crack cocaine, numerous scales testing positive for cocaine, substantial amounts of counterfeit U.S. currency, and numerous items of drug paraphernalia. Post-<u>Miranda</u>, the defendant admitted she had a two shooter pistol in the house, in her bedroom, in a cup. Both firearms were manufactured outside the state of Florida and had moved in interstate or foreign commerce in order to have been found in the MDFL.

On February 24, 2010, an individual, later identified as David Dixon, was observed coming out of this same residence carrying a black bag and getting into a taxi. Shortly thereafer, the taxi was stopped for traffic offenses and Dixon was found to be carrying a firearm and his black bag was found to contain large amounts of marijuana (104 grams), 58 grams of cocaine, 10 grams of MDMA pills, and 71 grams of a MDMA/cocaine mix. Based upon these facts, MCSO Detectives obtained another search warrant for the defendant's residence and found 38 grams of marijuana in five different plastic baggies and 4.8 grams of cocaine base (crack cocaine) in two baggies, all of which were found in her bedroom in or near the headboard credenza of her bed. Detectives also found $39,290 in U.S. currency in another room of the residence. Detectives found a firearm case for a FNH 5.7x28 caliber pistol in a third room of the residence. Dixon was found carrying a FNH 5.7x28 caliber pistol earlier during the stop of the Taxi.

Defendant's Initials M.O.    12

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 22nd day of July, 2010.

_____
MICHELLE DUVAL
Defendant

_____
HOWARD ANDERSON
Assistant Federal Public Defender
Attorney for defendant Duval

A. BRIAN ALBRITTON
United States Attorney

By: _____
DONALD L. HANSEN
Assistant United States Attorney

_____
JAY L. HOFFER
Assistant United States Attorney
Deputy Chief, General Crimes Section

Defendant's Initials M.D.    13