UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:10-cr-000136-JSM-EAJ

UNITED STATES OF AMERICA

vs.

MICHELLE DUVAL
       Defendant.
_____/

## MOTION TO SET ASIDE PLEA AGREEMENT

**MICHELLE DUVAL,** by and through undersigned counsel, hereby files this motion to set aside the plea of guilty entered on July 23, 2010, before the Honorable Magistrate Judge Jenkins, and in support avers:

    1.    On March 31, 2010 the defendant was indicted in a four count indictment, Court document number 1, alleging the following:

    Count One; Violation of Title 18 U.S.C. § 922(g)(1), 924(e) and 2

    Count Two; Violation of Title 18 U.S.C. § 922(g)(1), 924(e)

    Count Three; Violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(c) and Title 18 U.S.C. Section 2

    Count Four; Violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(c) and Title 18 U.S.C., Section 2

    2.    The government and the defendant entered into a plea agreement which was filed with the Clerk of the Court on July 22, 2010. The plea agreement advised the defendant that the offense for which she was pleading guilty for was punishable by a minimum term of imprisonment of fifteen (15) years to a life imprisonment.

3. Presumably this was based on the governments filing of its Notice of Prior Convictions, Court document number 12, which alleges that the defendant was convicted of three serious drug offenses.

4. The first offense alleges that on March 14, 1991, the defendant was convicted of possessing marijuana with the intent to sell. Possession of Marijuana with the intent to sell is a violation of Florida Statutes, 893.13(1)(a)2 and is a third degree felony.

5. Pursuant to Florida Statutes, 775.082(3)4(d), a third degree felony is punishable up to five (5) years of imprisonment.

6. In light of the above, the defendant does not meet the criteria of Federal Criminal Code, 18 U.S.C. § 924(e)(1), which states in part…*three previous convictions by any court referred to in Section 922(g)(1) of this title for a violent felony or a serious drug offense or both, committed on occasions different from one another.*

## MEMORANDUM OF LAW

**MICHELLE DUVAL,** by and through undersigned counsel, and pursuant to the Local Rules of Court Procedure, hereby files this Memorandum of Law in regards to the Motion to Set Aside Plea Agreement:

Federal Rules of Criminal Procedure 11(d)(c) states in part…"*A defendant may withdraw a plea of guilty or nolo contendre plea (1) Before the court accepts the plea or (2) After the accepts the plea but before it imposes sentence if: (a) the Court rejects a plea agreement under Rule 11(c)(5) or (b) the defendant can show fair and just reason for requesting the withdrawal.*

While counsel was not present for the plea and the transcript has not been obtained, the plea agreement which was the result of the plea taken by the Magistrate Judge was clearly done in error. The advice presented to the defendant regarding the maximum penalty of life and the fifteen year minimum mandatory was incorrect.

Therefore, it is reasonable to believe that the defendant <u>could not</u> fully understand the circumstances presented by virtue of her plea. As a result, the defendant could not have knowingly entered her plea as required by the Rules of Criminal Procedure.

The district Court is giving wide discretion in its consideration on this matter and can not be reversed unless its decision is arbitrary or unreasonable, *U.S. vs. Buckles, 843 F.2d 469, 471 (11th Cir. 86)*

The consideration by the Court is based on a four part evaluation, which includes the following: Was a close assistance of counsel unavailable; whether the plea was knowingly and voluntarily; whether judicial resources would be conserved; whether the government would be prejudiced if the defendant withdrew the plea. *U.S. vs. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 10th day of January , 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the Office of the United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

`

/s/ Mark A. Goettel
Mark A. Goettel, Esquire
6511 Main Street
New Port Richey, FL 34653

Email: goettellaw@aol.com
Ph: (727) 848-6655
FBN: 775665
Attorney for Ms. Duval