```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION

          Case No. 8:10-cr-136-T-30EAJ
```

**UNITED STATES OF AMERICA**

-vs-                                           21 April 2011
                                                10:40 a.m.
**MICHELLE DUVAL,**                             Courtroom 13A

       Defendant.
------------------------/

```
              TRANSCRIPT OF PROCEEDINGS
                 (SENTENCING HEARING)
```
**BEFORE THE HONORABLE JAMES S. MOODY, JR.,
UNITED STATES DISTRICT COURT JUDGE**

<u>APPEARANCES</u>

**For the Government:**   **DONALD L. HANSEN, ESQUIRE**
*Assistant United States Attorney*
*United States Attorney's Office*
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Phone: (813) 274-6351
Fax: (813) 274-6178
don.hansen@usdoj.gov

**For the Defendant:**   **MARK GOETTEL, ESQUIRE**
*Mark A. Goettel, P.A.*
6511 Main Street
New Port Richey, Florida 34653
Phone: (727) 848-6655
Fax: (727) 848-9001
goettellaw@aol.com

<u>ALSO PRESENT</u>   **MICHELLE DUVAL (Defendant)**
CYNTHIA GORNBEIN (Probation Officer)
SARA BOSWELL (Courtroom Deputy Clerk)
FRANK DOHERTY (Court Security Officer)

*(appearances continued on next page)*

STENOGRAPHICALLY REPORTED
COMPUTER-AIDED TRANSCRIPTION

*SHERRILL L. JACKSON, RPR, FPR*
*Federal Official Court Reporter, U.S. District Court*
*Middle District of Florida, Tampa Division*

```
REPORTED BY          SHERRILL L. JACKSON, RPR, FPR
                     Federal Official Court Reporter
                     801 North Florida Avenue
                     Suite 13A
                     Tampa, Florida 33602
                     Phone:  (813) 301-5041
```

*INDEX TO PROCEEDINGS*

Page

CERTIFICATE OF REPORTER................................13

*INDEX TO EXHIBITS*

(None offered or received)

```
 1                P R O C E E D I N G S      (10:40 a.m.)
 2            THE COURT:  Swear the Defendant, please.
 3            THE CLERK:  Ma'am, would you please rise and raise
 4   your right hand.
 5            (The Defendant was duly sworn or affirmed and
 6   responded as follows:)
 7            THE DEFENDANT:  Yes, ma'am.
 8            THE CLERK:  Thank you.  Would you please state
 9   your name and spell your first and last name for the record.
10            THE DEFENDANT:  Michelle, M-I-C-H-E-L-L-E, Duval,
11   D-U-V-A-L.
12            THE COURT:  You may have a seat.
13            THE DEFENDANT:  (Seated.)
14            THE COURT:  Miss Duval, on July 23rd, 2010, you
15   entered a plea of guilty to Count 1 of the indictment
16   charging you with being a felon in possession of a firearm,
17   in violation of Title 18, United States Code, Sections
18   922(g)(1) and 924(e)(1).
19            The Court has previously accepted your guilty plea
20   and has adjudged you guilty of that offense.  We've now
21   reached the stage in the proceeding where it's my duty to
22   address certain questions to you and your lawyer, as well as
23   the lawyer for Government.
24            Have you had the opportunity to read and discuss
25   the presentence report?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Do you have any objections to the
 3   factual accuracy of the report?
 4              THE DEFENDANT:  Only --
 5              THE COURT:  I couldn't hear you.
 6              THE DEFENDANT:  Oh, yes.  Only the stuff that I
 7   responded to.
 8              THE COURT:  Well, if you have any objections, your
 9   lawyer can make them now.
10              MR. GOETTEL:  Judge, I think all she's indicating
11   is we made certain objections to the findings, not the
12   specific facts that are contained in the presentence
13   investigative report.
14              THE COURT:  I don't know what you mean by
15   "findings."
16              MR. GOETTEL:  We're not opposing what is said in
17   there as far the circumstances behind the offense that she's
18   here before you on and the facts generated or submitted by
19   Probation in the report.  What are the exact -- with that in
20   mind, it still doesn't apply for purposes of the Armed
21   Career Criminal Act.
22              THE COURT:  So, you're objecting to the legal
23   conclusion that she qualifies as an armed career criminal?
24              MR. GOETTEL:  Yes, Judge.
25              THE COURT:  Okay.  And other than your objection
```

```
 1  as to her being classified as an armed career criminal, do
 2  you have any objection to the probation officer's
 3  application of the guidelines?
 4            You may answer that, Mr. Goettel.
 5            MR. GOETTEL:  No, Judge.
 6            THE COURT:  Now, Miss Duval, you heard your lawyer
 7  say that you have no objection to the facts other than as
 8  they pertain to the application of the Armed Career Criminal
 9  enhancement.  Do you agree with that?
10            THE DEFENDANT:  Yes, sir.
11            THE COURT:  The Court adopts the statements and
12  guideline applications as its findings of fact and
13  determines that the advisory guidelines are Total Offense
14  Level 31, Criminal History Category VI, which calls for
15  imprisonment of 188 to 235 months, supervised release of
16  three to five years, a fine of $15,000 to $150,000, and a
17  $100 special assessment.
18            Miss Duval, would you like to say anything or
19  present any information in mitigation of the sentence?
20            THE DEFENDANT:  Yes, sir.  I would like to say
21  that prior to -- before me coming here, I did the best to my
22  ability to change my life around and become a prominent
23  citizen.  I made a few mistakes prior in my life before now.
24            The only mistake that I made before coming here
25  was, you know, being in love with somebody for four years
```

```
 1  where I ended up getting caught up in trouble with, and I
 2  just wanted to let you know that my family means a lot to me
 3  and that I'm a mother of five, and my grandmother is sick.
 4  So, I did the best thing to do the right thing in life and
 5  so I don't have to face nothing like this.
 6          This was a bad decision to make, being with the
 7  wrong person at the wrong time; and I was just like -- I
 8  didn't have the force to consider that.  I'm not a violent
 9  person.  I never been violent.  I never had anything to do
10  with anything violent in my whole life.
11          I never -- you know, what I'm being charged with
12  is like new to me, thinking I was doing the right thing by
13  what I seen at my house where we were living at, telling the
14  cops where it was.  It was never mine or nothing like that,
15  and I am here sitting in front of you.
16          THE COURT:  Any further statements from the
17  Defense?
18          MR. GOETTEL:  No, Judge.
19          THE COURT:  Do you know of any reason why the
20  Court should not now proceed with imposition of a sentence?
21          MR. GOETTEL:  No, other than, like I said, our
22  argument relating to the career criminal designation.
23          THE COURT:  The Court has asked the Defendant why
24  judgment should not now be pronounced and has heard no cause
25  to the contrary and Miss Duval having made a statement in
```

```
 1  her behalf and the Court having reviewed the presentence
 2  report and considered the advisory guidelines and the
 3  factors of 18 USC, Section 3553, it is the judgment of the
 4  Court that the Defendant, Michelle Duval, is hereby
 5  committed to the custody of the Bureau of Prisons, to be
 6  imprisoned for a term of 188 months.
 7           Upon release from imprisonment, the Defendant
 8  shall serve a four-year term of supervised release.  While
 9  on supervised release, the Defendant shall comply with the
10  standard conditions adopted by the Court in the Middle
11  District of Florida.
12           As a special condition, the Defendant shall
13  participate in a substance-abuse program, outpatient and/or
14  inpatient and follow the probations officer's instructions
15  regarding the implementation of this Court directive.  The
16  Defendant shall contribute to the cost of these services,
17  not to exceed an amount determined reasonable by the
18  Probation Office's sliding scale for substance-abuse
19  treatment services.  During and upon the completion of the
20  program, the Defendant is directed to submit to random drug
21  testing.
22           The second special condition is the Defendant
23  shall submit to a search of her person, residence, place of
24  business, any storage units under her control, or vehicle
25  conducted by the United States Probation officer at
```

```
 1  reasonable times and in reasonable -- a reasonable manner
 2  based upon reasonable suspicion of contraband or evidence of
 3  a violation of a condition of release.
 4          The Defendant shall inform any other residents
 5  that the premises may be subject to a search pursuant to
 6  this condition.  Failure to submit to the search may be
 7  grounds for revocation.
 8          The Defendant shall cooperate in the collection of
 9  DNA as directed by the probation officer.
10          The mandatory drug-testing requirements of the
11  Violent Crime Control Act are imposed.  The Court orders the
12  Defendant to submit to random drug testing, not to exceed
13  104 tests per year.
14          Based on the financial status of the Defendant,
15  the Court waives imposition of a fine.
16          It is ordered that the Defendant pay to the United
17  States a special assessment of $100, which is due
18  immediately.
19          The Court finds that the sentence imposed is
20  sufficient but not greater than necessary to comply with the
21  statutory purposes of sentencing.
22          The guideline range exceeds 24 months, and the
23  reasons for imposing the selected sentence is that the Court
24  has determined that a sentence at the bottom of the
25  guidelines is sufficient to punish the behavior -- criminal
```

```
 1  behavior in this case.
 2          The Court has accepted the plea agreement because
 3  it is satisfied that the agreement adequately reflects the
 4  seriousness of the actual offense behavior and that
 5  accepting the plea agreement will not undermine the
 6  statutory purposes of sentencing.
 7          Under the plea agreement, the Defendant entered a
 8  guilty plea to Count 1 in return for dismissal of Counts 2,
 9  3, and 4.  Therefore, according to the plea agreement, it is
10  ordered that Counts 2, 3, and 4 of this indictment be
11  dismissed as to this Defendant.
12          The Court having pronounced sentence, does counsel
13  for the Defendant or the Government have any objections to
14  the sentence or to the manner in which the Court pronounced
15  sentence other than those previously stated for the record?
16          MR. HANSEN:  No objection, Your Honor.  However, I
17  believe there is a preliminary forfeiture order in
18  existence, and we would just ask that it be made final.
19          THE COURT:  All right.  We'll make that a final
20  judgment and make it a part of this judgment.
21          MR. HANSEN:  Thank you.
22          THE COURT:  Any objections other that those you
23  already made?
24          MR. GOETTEL:  Judge, the only other objection we
25  would make is that the evidence, we feel, that's before the
```

```
 1  Court is insufficient to establish that she qualifies for
 2  the armed career criminal designation in light of the fact
 3  that only if the convictions were presented for purposes of
 4  establishing that there wasn't any specific information
 5  relating to the offense dates.  So, you know, as far as
 6  that -- that's the only objection.
 7           THE COURT:  Okay.  The Defendant is hereby
 8  remanded to the custody of the United States Marshal to
 9  await designation by the Bureau of Prisons.
10           Does she have a particular request where she'd
11  like to be housed?
12           MR. GOETTEL:  Yes, Judge.  She'd like Coleman, if
13  that's possible.
14           THE COURT:  I'll recommend Coleman.
15           Miss Duval, to the extent permitted by your plea
16  agreement, you have the right of appeal from the judgment
17  and sentence within 14 days from today.  Failure to appeal
18  within the 14-day period will be a waiver of your right to
19  appeal.
20           You should have in front of you a form entitled
21  "Declaration of Intent to Appeal."  That form states whether
22  you do or do not wish to file an appeal.  You also have a --
23  a stamped addressed envelope.  I direct you to complete the
24  form and send it into the Clerk's Office at the end of the
25  14-day appeal period.  If you do not return the form, I will
```

```
 1  accept that as an acknowledgment that you do not wish to
 2  file an appeal and that that was an informed and voluntary
 3  choice on your part.
 4          The Government also has a right to file an appeal
 5  from the sentence.
 6          You're advised that you're entitled to the
 7  assistance of a lawyer in taking an appeal; and if you're
 8  unable to afford a lawyer, one will be appointed for you.
 9          If you're unable to afford the filing fee, the
10  Clerk of the Court will be directed to accept the notice of
11  appeal without such fee.
12          All right.  We're adjourned on the case of
13  Miss Duval.
14          MR. GOETTEL:  Judge, if I could clarify, do we
15  just submit the notice of appeal and all that and then the
16  four points to JVA counsel or the Public Defender's Office
17  as it sees appropriate under the circumstances.
18          THE COURT:  Normally you would keep the case
19  through appeal.
20          MR. GOETTEL:  I just didn't know if that changed.
21  She has filled out the declaration and -- okay, she'll mail
22  it in.
23          THE COURT:  Okay.  All right, we're adjourned.
24          So, if you're going to appeal, you need to file
25  your appeal within the 14 days or whatever the appeal period
```

```
 1  is now.
 2              MR. GOETTEL:  Yes, sir.
 3              (Adjourned at 10:55 a.m.)
 4                       - - - - -
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*SHERRILL L. JACKSON, RPR, FPR*
*Federal Official Court Reporter, U.S. District Court*
*Middle District of Florida, Tampa Division*

```
 1                    CERTIFICATE OF REPORTER
 2
 3
 4          I, SHERRILL L. JACKSON, Federal Official Court
 5   Reporter for the United States District Court, Middle
 6   District of Florida, Tampa Division,
 7          DO HEREBY CERTIFY, that I was authorized to and
 8   did, through use of Computer-Aided Transcription, report in
 9   shorthand the proceedings and evidence in this cause, as
10   stated in the caption on page 1 of this transcript, and that
11   the pages numbered 1 to 13, inclusive, constitute a true and
12   correct transcription of my shorthand report of said
13   proceedings and evidence.
14           IN WITNESS WHEREOF I have hereunto set my hand
15   this 3rd day of June, 2011.
16
                                    s/Sherrill L. Jackson
17                          _____
                               SHERRILL L. JACKSON, RPR, FPR
18                             Federal Official Court Reporter
```

*SHERRILL L. JACKSON, RPR, FPR*
*Federal Official Court Reporter, U.S. District Court*
*Middle District of Florida, Tampa Division*