**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHELLE DUVAL,

    Petitioner,

v.                                            Case No:  8:15-cv-2645-T-30AAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

# ORDER

THIS CAUSE is before the Court on Petitioner Michelle Duval's Motion to Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1), the Government's Response (Dkt. 11), and Petitioner's Reply (Dkt.15). In her motion, Petitioner seeks relief in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime involving "conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. More specifically, Petitioner argues that, after *Johnson*, her 1995 Florida robbery conviction is not an ACCA predicate offense because Florida's robbery statute, at that time, did not require the requisite force for the offense to qualify as a predicate offense under

ACCA's elements clause. *See* 18 U.S.C. § 924(e)(2)(B)(i) (". . . has as an element the use, attempted use, or threatened use of physical force against the person of another. . . .").

The Government takes the opposite position, arguing that Florida's robbery statutes have long-required force sufficient to satisfy ACCA's elements clause. *See* Dkt. 11, p. 10 (citing *Montsdoca v. State*, 93 So. 157, 159 (Fla. 1922)).

The United States Court of Appeals for the Eleventh Circuit, however, has concluded that the issue is still unsettled. *In re Jackson*, --- F.3d ---, 2016 WL 3457659, *2 (11th Cir. June 24, 2016). In *Jackson*, the court noted that it had previously evaluated Florida's robbery statute, before *Johnson* was decided, and concluded that the statute met ACCA's residual clause. But, the court also noted, "we left open whether [a pre-2000 Florida robbery conviction] met the 'elements clause' definition." *Id.* Importantly, the court in *Jackson* last noted that it will soon hear oral argument in a case that will settle the issue. *Id.*

That case is *United States v. Seabrooks*, No. 15-10380, and the court will hear oral argument on the issue of Florida's robbery statute and whether it meets ACCA's elements-clause definition—the same issue on which this case likely hinges—during the week of September 12, 2016.

In light of the lack of clarity on the legal question that will resolve this petition, and the clarity that the Eleventh Circuit should soon provide, it is **ORDERED AND ADJUDGED** that:

1. This action is STAYED AND ADMINISTRATIVELY CLOSED pending a decision from the United States Court of Appeals for the Eleventh Circuit in *United States v. Seabrooks*, No. 15-10380 (11th Cir. July 20, 2016).

2. The Clerk is directed to terminate any pending motions.

3. Counsel for Petitioner shall move to reopen this action and reinstate any motions, if desired, within thirty (30) days after the Eleventh Circuit issues an opinion in *Seabrooks*.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record